and we'll hear Lee v. Lorenzo. Good morning. Good morning, Your Honor. Finley Percy representing myself, Your Honor, the lower court dismissed my case based on res judicata and actually this different transaction, this appeal is simply one legal theory about res judicata. And the district court dismissed my case based on prior, I filed a complaint with this court about, sorry, Your Honor, about litigation with New Jersey attorney disciplinary. The litigation in New Jersey, Senator, your litigation about New Jersey claimed that New Jersey could not discipline you for something that occurred in New York, right? Yes, Your Honor. And you lost that and you lost your appeals. So the answer is, is that New Jersey could determine, New Jersey could discipline you premised on activity in New York, couldn't it? I mean, that's the result, right? You lost that case. Your Honor. Is that right? Yes. Two different parts. Wait, now stop. Now stop for a second. You did an extraordinary thing. You took a case that was 12, 15 years old. And you litigated and you got a multi-million dollar judgment, correct? Yes, Your Honor. And then you, in searching out other assets, you found another sum of money that was owned by one of the judgment debtors had in possession of the attorney and you got a turnover proceeding with regard to that, correct? Yes, Your Honor. So you had a total sum of money in your trust account. $4 million.  $4 million. All right. Now, with regard to the judgment or the turnover judgment, did either one of those judgments authorize you to take a fee of one-third? Yes, Your Honor. No, specific, no. Now, you're, be careful now. Did either one of those say that you were entitled to a fee of one-third? Yes, Your Honor. Okay, and where's that in the record? That's in the record. It's during a New Jersey asking proceedings. Because a New Jersey proceeding says that the judgments did not determine your entitlement to a fee, that you'd entered into a free arrangement that was governed by New Jersey law, which is not as favorable as contingency arrangements with your clients. And you sought to try and use a New York law with regard to contingency fee. Now, you're an officer of court still. You're suspended, but you're an officer of the court. Tell me, did you sign a retainer agreement with your clients governed by New Jersey law? No, Your Honor. No? No. So the New Jersey—wait. The New Jersey Disciplinary Committee was wrong? New Jersey— Were they wrong? Yes, they were wrong, Your Honor. Did you appeal that? I appealed that. And you lost? Yes. So now you're stuck with a New Jersey judgment that says that you litigated all the way to the top, that says that your compensation was to be governed by the New Jersey agreement. Your Honor— And for that, you were disbarred, were you not? Your Honor, it's more complex than that. I cannot answer yes or no. I'd like to, but it's more complex. Well, I've read the New Jersey judgment, and I think you can answer it yes or no. Yes or no, were you disbarred? Yes, the entire judgment against me, but a different portion. Like you said, I understand two portions of the judgment collection. One portion, half a million dollars, is to sell one property. Your Honor, it looks like you're familiar with this case. I appreciate that. Very familiar. Thank you, Your Honor. One portion, half a million dollars, is to sell one property I litigated for. That's half a million dollars. Three half a million dollars is undertaken during the appeal. New Jersey, one special master, claimed that without knowing New Jersey law, without knowing the case, claimed I misappropriated a portion of the half a million dollars. Right. Yeah, that's a rebate fine. Like I said, I never got opportunity through so many litigation, Your Honor. No court gave me opportunity to fully litigate this. That's the reason I keep fighting over here. You're familiar with my litigate history. I don't like being that, Your Honor. You know, the sad thing for me is that I think if you had another attorney representing you, you could have solved all this. You would have not gotten yourself disbarred in New Jersey. We can't do anything about that. No, I know. Well, you're suspended in New York for three years. Thanks God, Your Honor. Because the First Department made a determination that it decided that this was more a fee dispute than it was a misappropriation. Yes, Your Honor. And so the First Department... Second Department, Your Honor. Or Second Department decided to not take your license from you. It seems to me, having been a state practitioner for many, many years, if you would simply... Because you did a great thing. This is the irony of this case. You did a great thing. You took a case that languished for years. Fifteen years. And you put life into it, and you got your clients a boatload of money. Yeah. But then you got into a fee dispute with them, and that fee dispute cost you your license in New Jersey. I know, Your Honor. And I'll look at this, but frankly, I mean, on the practical side of this, Mr. Lee, you obviously have to be a pretty intelligent guy. You won the case. I know, Your Honor. I know. And how many years had you been admitted at the time? One year. My first case. One year. My first case. I never worked for a law firm by myself. You're the errant judge of the legal profession. So, you know, but had you simply had another lawyer advising you with regard to this about what you should do and not do, you would still have your license in New Jersey. I agree with you, Your Honor. You make me cry. Well, maybe you should have another lawyer now, too. If I got some money, I would. Your Honor, but this case is different, a different transaction, different from New Jersey. Your Honor, you're not familiar with myself so much. Your Honor, I don't like litigating by myself. It's just destroyed my life, Your Honor. Look at my head. I lost my hair. I'm afraid you did it to me. Yeah. But since I believe I did nothing wrong. Mike, you said I should have an attorney representing me. Probably you're right. A whole slew of judges have disagreed with you as to whether you did something wrong. A full panel in New Jersey and now a full panel at the Second Department have disagreed with you. New Jersey, no. It's a 4-3 decision, not a full panel. That's true. You're right about that. It's a 4-3. So basically, this is a New York case. I agree with New Jersey because I was licensed in New Jersey. They have a right to discipline me. They can disbar me, whatever. Don't you think the New York people that brought these things against you, first of all, under the rules of practice in New York, you have an affirmative obligation to notify the Second Department if you've been disciplined. Did you notify the Second Department after you were disbarred in New Jersey when you've been disciplined in another jurisdiction? Did you know that you had that obligation? I did not, Your Honor. Well, it's there. You're right. That's why you needed a lawyer to advise you who knew something about this. You had an affirmative obligation to let them know because when you were admitted to practice in New York, there were terms and conditions of your admission. One of them were that you not be disciplined in other jurisdictions. On the premise of that misconduct in other jurisdictions, you could be disciplined in New York because New York has a vested interest in lawyers who are unethical in other jurisdictions might be unethical here. And so therefore, there can be disbarment or disciplinary proceedings brought against lawyers for their conduct outside the jurisdiction. That's why your New Jersey action was dismissed in federal court. Okay? So now you're claiming that the attorneys who brought the petition against you, one of the allegations of which was you had been disbarred in New Jersey, that somehow they violated your constitutional rights because they did what they were supposed to do because you had been disbarred in New Jersey. They brought a proceeding saying, look, he's been disbarred in New Jersey. It's reciprocal. We have to do something about it in New York. And you say that violated your constitutional rights. Your Honor, it's a different thing. I'm not claiming because disbarment in New Jersey is about a fee, Your Honor. If you look at my complaint... It's not about the fee anymore because that's been adjudicated that you violated the ethical canons in what you did and that's been resolved against you. Yes. And so that fact won't be litigated again. And so indeed, perhaps there is res judicata as to the fact that you violated the canons with regard to the taking of your fee in violation of your retainer agreement that you'd signed under New Jersey law. It's different. It's different. Okay. You think it's different, but I'm not certain that it is. Can I tell you why it's different, Your Honor? You can tell me. Yeah. Your Honor, the New Jersey disbarment is not because violated... If you read the New Jersey disbarment... I have read it twice. Yeah. It's about a rebate fund, Your Honor. It's not a violated agreement. This said because this fund pre-existing. It's not governed by the retainer agreement. Okay. I should not take it. So it's a fund difference that's... It's not a violated agreement. Violated is a contract dispute. It should not disbar me. Just like a second department said, it's a fee dispute. Thank you. The problem is that you took the money, put it in your children's name, then moved it through a Chinese bank account and then moved it back into your own name. No, no. Okay. No, no, Your Honor. That's not true. It's... One of the findings is... No, it's not. Okay. But the first part is true. The second part is not true. Okay. Your Honor, I don't want to go with that. It's so complex. In my whole years, 80 years, look at my head. We have your papers. We have the underlying papers. Thank you very much. We'll reserve decision. As to the case of Venezia versus Luxottica Retail, we will reserve decision. And it's taken on submission. That's the last case on calendar. Please adjourn court.